## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Isadore Lamont Lamkin, | ) | Cr. No. 3:02-852 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Movant Isadore Lamont Lamkin ("Movant"), proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I.  PROCEDURAL BACKGROUND

Movant was a co-defendant named in a two-count indictment issued on August 21, 2002. ECF No. 1.  Movant was charged with knowingly and intentionally possessing with intent to distribute 5 grams or more of cocaine base (Count 1); and knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for more than one year (Count 2). ECF No. 1.  On June 6, 2003, Movant entered a plea of guilty to Count 2 pursuant to a written plea agreement.  ECF Nos. 52, 55.  On March 17, 2004, Movant was sentenced to 200 months of incarceration followed by three years of supervised release.  ECF No. 72. Movant appealed his conviction and sentence.  ECF No. 76.  On January 4, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence.  *United States v. Lamkin*, 162 F. App'x 214 (4th Cir. 2004).

On April 2, 2007, Movant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel and that his sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA") was illegal.  ECF No. 88.  On June 17, 2010, Movant's motion was

denied and summary judgment was granted in favor of the Government. *Lamkin v. United States*, No. 3:07-cv-70035 (D.S.C. June 18, 2010). On June 30, 2010, Movant filed a notice of appeal. ECF No. 114. On July 2, 2010, the Fourth Circuit remanded the case to the district court to supplement the record with an order granting or denying a certificate of appealability. *United States v. Lamkin*, No. 10-6916 (4th Cir. July 2, 2010). On July 6, 2010, the district court issued an order denying a certificate of appealability. ECF No. 118. Subsequently, the Fourth Circuit dismissed Movant's appeal. *United States v. Lamkin*, 415 F. App'x 448 (4th Cir. 2011).

On June 13, 2011, Movant filed a motion to reopen pursuant to Rule 60(b)(6). ECF No. 123. Movant's motion to reopen was denied. ECF No. 124. Subsequently, Movant filed a motion to reduce sentence, ECF No. 127, which was also denied, ECF No. 129.

Movant filed this § 2255 motion on March 30, 2015. ECF No. 134. On April 29, 2015, the Government filed a motion to dismiss. ECF No. 140. That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Movant of the summary judgment procedures and the possible consequences if he failed to respond adequately. ECF No. 141. On June 1, 2015, Movant filed a response to the Government's motion. ECF No. 143. Movant has also filed a motion to amend the motion to vacate. ECF No. 144.

## II. DISCUSSION

### A. Section 2255 Motion

Movant asserts that his prior state conviction for assault and battery of a high and aggravated nature ("ABHAN") is no longer considered a violent felony for purposes of sentencing enhancement under the ACCA. Accordingly, Movant asserts that he is "actually innocent of the enhancement because he does not have three qualifying predicates to trigger an increased punishment." ECF No.

134 at 6. The Government contends that Movant's § 2255 motion should be dismissed because Movant failed to secure permission to file a successive motion to vacate. The Government also contends that Movant's § 2255 motion is time-barred. ECF No. 175. The court agrees.

First, a successive motion filed under § 2255 must be certified by a panel in the appropriate court of appeals. 28 U.S.C. § 2255(h). A defendant is required to file a motion in the appropriate court of appeals requesting an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Once the motion is filed, a three-judge panel in the appropriate appeals court has thirty days to grant or deny the authorization. *Id.* at § 2244 (b)(3)(C)-(D). The denial of the authorization is not appealable and cannot be the subject for petition for writ of certiorari. *Id.* at § 2244 (b)(3)(E). Movant has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second motion pursuant to § 2255 in this court. *See In re: Isadore Lamont Lamkin*, No. 14-310, Docket No. 2 (4th Cir. June 24, 2014) (order denying second motion filed pursuant to 28 U.S.C. § 2244 seeking authorization for district court to consider Movant's successive § 2255 motion). Thus, the Fourth Circuit has not issued an order authorizing this court to consider Movant's successive motion. As a result, this court cannot consider Movant's motion to vacate.

Second, a defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, the Fourth Circuit issued its mandate and judgment in this case on January 4, 2006. The statute of limitations began to run when the time expired for filing a petition for certiorari with the United States Supreme Court contesting the Fourth Circuit's affirmation of Movant's convictions and sentence. The statute of limitations expired on or about May 15, 2007; thus, Movant's March 30, 2015 filing was not within one year of the date on which his judgment of conviction became final. Therefore, his motion to vacate is not timely under § 2255(f)(1).

Movant is unable to demonstrate that one of the other dates listed under § 2255(f) occurred within one year of his March 30, 2015 filing. There is no evidence that Movant was prevented from filing a § 2255 motion because of any governmental interference. *See* 28 U.S.C. § 2255(f)(2). Although Movant asserts that *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013), render his motion timely pursuant to 28 U.S.C. § 2255(f)(3), this argument fails. Even though *Hemingway* held that ABHAN is not categorically an ACCA violent felony, it is not a decision of the Supreme Court of the United States. As a result, the decision in *Hemingway* could not reset the clock for Movant's motion even if it were not successive. *See Blakney v. United States*, C.A. No. 4:11-cv-70024-RBH, 2011 WL 1113468 at *3 (D.S.C. Mar. 24, 2011).

Furthermore, *Descamps* also fails to render Movant's motion timely. As a threshold matter, *Descamps* did not state a new rule. *See Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the

categorical approach and its 'modified' counterpart all but resolves this case."). Whether or not *Descamps* stated a new rule, Movant's motion to vacate was not filed within one year of the decision in *Descamps*. The decision was filed on June 20, 2013, but Movant did not file a motion to vacate until March 30, 2015. Therefore, Movant cannot rely on *Descamps* to render his motion to vacate timely pursuant to § 2255(f)(3).

Finally, the court does not find that Movant's untimely filing is saved by the doctrine of equitable tolling. An otherwise time-barred movant is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A movant must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant has cited no extraordinary circumstance that explains his untimely § 2255 motion. *See Whiteside v. United States,* 775 F.3d 180, 186 (4th Cir. 2014) (concluding that where "the only impediment to timely filing was the discouragement felt by petitioner when calculating the odds of success" in the pre-*Simmons* legal landscape equitable tolling was unavailable). Movant has filed numerous post-conviction motions in the years following his initial sentence in this court, including a prior motion pursuant to §2255. There is no indication that an extraordinary circumstance prevented Movant from filing a timely motion to vacate.

Accordingly, Movant's § 2255 motion is time-barred.

**B. Motion to Amend Motion to Vacate**

Movant has filed a motion to amend his motion to vacate. Movant asserts that *Johnson v. United States*, 135 S. Ct. 2551 (2015) further supports his claim that his sentence was improperly

5

enhanced pursuant to the ACCA. ECF No. 144. In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates a defendant's right to due process. *Johnson*, 135 S. Ct. at 2563. Currently, it is not clear whether *Johnson* is retroactively applicable to cases on collateral review. *See Price v. United States*, __ F.3d ___, 2015 WL 4621024 (7th Cir. Aug. 4, 2015) (holding that Johnson announces a new substantive rule that is retroactively applicable to final convictions); *but see In re Rivero*, __ F.3d __, 2015 WL 4747749 (11th Cir. Aug. 12, 2015) (holding that Johnson is not retroactively applicable to cases on collateral review). Moreover, the Fourth Circuit has yet to address whether Johnson is retroactively applicable to cases on collateral review. Even if *Johnson* is retroactively applicable to cases on collateral review such that it could render Movant's motion timely, this court is still without jurisdiction to review Movant's motion to vacate without authorization from the Fourth Circuit. Thus, Movant must file the appropriate petition with the Fourth Circuit in order for this court to have jurisdiction over his successive § 2255 motion. Accordingly, Movant's motion to amend is denied as futile, as additional briefing would not cure the defects of Movant's § 2255 motion.

### III. CONCLUSION

For these reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 134, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Government's motion to dismiss, ECF No. 140, is **GRANTED**. Movant's motion to amend motion to vacate, ECF No.144, is **DENIED**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

  /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
August 26, 2015